UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLON HALL, ) | |
| ) | |
| Plaintiff, ) | No._____ |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| DEPARTMENT OF JUSTICE SERVICES ) | |
| Serve: Director Kito Bess ) | |
| Buzz Westfall Justice Center ) | |
| 100 South Central Avenue ) | |
| Clayton, MO 63105 ) | |
| ) | |
| and ) | |
| ) | |
| DARBY HOWARD in Official Capacity ) | |
| Serve: Dept. of Justice Services ) | |
| 100 South Central Avenue ) | |
| Saint Louis, MO 63105 ) | |
| ) | |
| and ) | |
| ) | |
| JAZMINE RAINEY in Official Capacity ) | |
| Serve: Dept. of Justice Services ) | |
| 100 South Central-Intake ) | |
| Saint Louis, MO 63105 ) | |
| ) | |
| and ) | |
| ) | |
| TEARA GUIDRY in Official Capacity ) | |
| Serve: Dept. of Justice Services ) | |
| 100 South Central-Intake ) | |
| Saint Louis, MO 63105 ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE OFFICER NO. 1 in Official ) | |
| Capacity ) | |
| ) | |
| and ) | |
| ) | |
| JOHN DOE OFFICER NO. 2 in Official ) | |
| Capacity ) | |
| ) | |

| | |
|---|---|
| and | ) |
| | ) |
| JOHN DOE OFFICER NO. 3 in Official Capacity, | ) ) |
| | ) |
| Defendants. | ) |

## PETITION

COMES NOW Plaintiff Marlon Hall, by and through his attorneys, Andrea McNairy and Brown & Crouppen, PC, and for his claims states:

### PRELIMINARY STATEMENT

1. This is an action for money, declaratory and injunctive relief brought pursuant to the Eighth Amendment of the United States Constitution and the Civil Rights Act of 1871, as codified at 42 U.S.C. § 1983 against the Department of Justice Services; Darby Howard; Jazmine Rainey; Teara Guidry; John Doe Officer No. 1; John Doe Officer No 2; and, John Doe Officer No. 3 in their official capacities (collectively "**Defendants**").

2. Plaintiff Marlon Hall ("**Plaintiff**"), an inmate at the Buzz Westfall Justice Center ("**Justice Center**") in the city of Clayton, County of St. Louis, Missouri, brings this action against Defendants for injuries suffered as a result of Defendants' substantial and deliberate indifference to Plaintiff's healthy, safety and welfare.

3. Defendants were negligent by, without limiting other acts and behaviors: failing to protect Plaintiff from other inmates; failing to intervene as other inmates attacked Plaintiff; failing to provide the required prison staff officials within the exercise recreational area; failing to properly monitor Plaintiff and the other inmates; and failing to timely respond to the attack against Plaintiff, resulting in Plaintiff being in a coma for two (2) weeks after sustaining severe head fractures and brain hemorrhages, with deliberate indifference to Plaintiff's pain and suffering. Defendants deprived Plaintiff of rights guaranteed by the Eighth Amendment to the Constitution

of the United States. As a consequence of Defendants' actions, Plaintiff suffered physical and emotional injuries, emotional distress, and deprivation of his constitutional rights.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the federal civil rights claim pursuant to 28 U.S.C. §§ 1331 and 1343.

5. At all relevant times, the Plaintiff was an inmate within the Justice Center in St. Louis, Missouri.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

7. Divisional venue is in the Eastern District of Missouri, Eastern Division because the events leading to the claim arose in Saint Louis County.

8. This lawsuit is within the Statute of Limitations of five (5) years as the incident occurred on October 9, 2021.

## PARTIES

9. Plaintiff is an individual residing in Missouri. At all times relevant, Plaintiff was an inmate within the County of St. Louis.

10. The St. Louis County Department of Justice Services ("**DJS**"), at all relevant times, is and was responsible for the management, operation, and security of the Justice Center, including protecting inmates from harm by other prisoners. Specifically, Defendant DJS is responsible for providing, directing, supervising, implementing, and guaranteeing the safety of the inmates at the facility, including Plaintiff, as well as creating and implementing policies, procedures, customs, and practices to protect the inmates from harm and to provide constitutionally adequate intervention. Defendant DJS acted under color of law as set forth below in its provision to protect Plaintiff from violence at the hands of other prisoners while an inmate in the custody of Defendant

DJS, and in its establishing unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of protection of violence at the hands of other prisoners to Plaintiff and inmates like Plaintiff. Defendant DJS acted by and through its employees, servants, and agents (actual, ostensible, and implied) including Defendants Darby Howard; Jazmine Rainey; Teara Guidry; John Doe Officer No. 1; and John Doe Officer No. 2.

11. Darby Howard ("**Howard**") at all relevant times, is and was the Deputy Director of Security and employee and/or agent of DJS, employed at the Justice Center. Defendant Howard contracts and agrees with Defendant DJS to provide security direction for the Justice Center including ensuring and maintaining the safety, custody, security, and control of residents, including Plaintiff, through direct or indirect supervision, and agreed to treat Plaintiff pursuant to the Justice Center's policies and procedures. Specifically, Defendant Howard is responsible for contract management and compliance and development of policies, standards, and regulations to protect the inmates from harm and to provide constitutionally adequate protection and intervention when an inmate's safety is at risk. Defendant Howard acted under the color of law in: his/her provision of security to Plaintiff while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS, in implementing and following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the security to Plaintiff, and in his/her decisions to improperly monitor and protect Plaintiff, and in failing to intervene or otherwise maintain order when Plaintiff was at risk of serious bodily harm and attacked while an inmate in the custody of Defendant DJS.

12. Jazmine Rainey ("**Rainey**") at all relevant times, is and was a correctional officer and employee and/or agent of Defendant DJS, employed at the Justice Center. Defendant Rainey contracts and agrees with Defendant DJS to provide order and supervision of the inmates in

custody at the Justice Center, including Plaintiff, and agreed to treat Plaintiff pursuant to the Justice Center's policies and procedures. Defendant Rainey acted under the color of law in: his/her provision of supervising Plaintiff while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS, in following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of supervising Plaintiff, and in his/her decisions to improperly monitor and protect Plaintiff, and in failing to intervene or otherwise maintain order when Plaintiff was at risk of serious bodily harm and attacked while an inmate in the custody of Defendant DJS.

13. Teara Guidry ("**Guidry**") at all relevant times, is and was a correctional officer and employee and/or agent of Defendant DJS, employed at the Justice Center. Defendant Guidry contracts and agrees with Defendant DJS to provide order and supervision of the inmates in custody at the Justice Center, including Plaintiff, and agreed to treat Plaintiff pursuant to the Justice Center's policies and procedures. Defendant Guidry acted under the color of law in: his/her provision of supervising Plaintiff while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS, in following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of supervising Plaintiff, and in his/her decisions to improperly monitor and protect Plaintiff, and failing to intervene or otherwise maintain order when Plaintiff at risk of serious bodily harm and attacked while an inmate in the custody of Defendant DJS.

14. John Doe Officer No. 1 ("**Officer No. 1**") at all relevant times, is and was a correctional officer and employee and/or agent of Defendant DJS, employed at the Justice Center. Defendant Officer No. 1 contracts and agrees with Defendant DJS to provide order and supervision of the inmates in custody at the Justice Center, including Plaintiff, and agreed to treat Plaintiff

pursuant to the Justice Center's policies and procedures. Defendant Officer No. 1 acted under the color of law in: his/her provision of supervising Plaintiff while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS, in following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of supervising Plaintiff, and in his/her decisions to improperly monitor and protect Plaintiff, and in failing to intervene or otherwise maintain order when Plaintiff was at risk of serious bodily harm and attacked while an inmate in the custody of Defendant DJS.

15. John Doe Officer No. 2 ("**Officer No. 2**") at all relevant times, is and was a correctional officer and employee and/or agent of Defendant DJS, employed at the Justice Center. Defendant Officer No. 2 contracts and agrees with Defendant DJS to provide order and supervision of the inmates in custody at the Justice Center, including Plaintiff, and agreed to treat Plaintiff pursuant to the Justice Center's policies and procedures. Defendant Officer No. 2 acted under the color of law in: his/her provision of supervising Plaintiff while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS, in following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of supervising Plaintiff, and in his/her decisions to improperly monitor and protect Plaintiff, and in failing to intervene or otherwise maintain order when Plaintiff was at risk of serious bodily harm and attacked while an inmate in the custody of Defendant DJS.

16. John Doe Officer No. 3 ("**Officer No. 3**") at all relevant times, is and was a correctional officer and employee and/or agent of Defendant DJS, employed at the Justice Center. Defendant Officer No. 3 contracts and agrees with Defendant DJS to provide order and supervision of the inmates in custody at the Justice Center, including Plaintiff, and agreed to treat Plaintiff pursuant to the Justice Center's policies and procedures. Defendant Officer No. 3 acted under the

color of law in: his/her provision of supervising Plaintiff while an inmate in custody of Defendant DJS pursuant to, and in the course and scope of, a contract or agreement with Defendant DJS, in following unconstitutional patterns, practices, policies, procedures, customs, and regulations with regard to the provision of supervising Plaintiff, and in his/her decisions to improperly monitor and protect Plaintiff, and in failing to intervene or otherwise maintain order when Plaintiff was at risk of serious bodily harm and attacked while an inmate in the custody of Defendant DJS.

## FACTUAL ALLEGATIONS

17. On April 18, 2021, Plaintiff was incarcerated in the St. Louis County jail for an involuntary manslaughter charge.

18. On October 9, 2021, Plaintiff entered the exercise recreational area and was attacked by two inmates. Plaintiff was forced to defend himself as no jail staff member intervened or otherwise provided protection for Plaintiff's safety. Shortly thereafter, Plaintiff returned to the exercise recreational area and was followed by another inmate, Ramon White, who, without provocation, punched Plaintiff to the ground. After Mr. White punched Plaintiff, a second inmate, Vanier Jones, entered the area with a broom and violently struck Plaintiff in the head several times with the broom handle until it broke. While Plaintiff was still slumped to the ground, Mr. White stomped on his head several times while a third inmate, Melford Newlon, repeatedly kicked Plaintiff in the ribs.

19. The attack on Plaintiff lasted several minutes and ended when jail staff finally responded to the exercise recreational area. At no time during the attack did any jail staff member intervene or take any action to stop or prevent the attack.

20. As a result of the attack, Plaintiff was immediately hospitalized with severe head/skull fractures and brain hemorrhaging. Plaintiff remained in a coma for the next two (2) weeks.

21. Plaintiff was subsequently diagnosed with a traumatic brain injury and skull fractures, causing him to suffer frequent seizures and panic attacks as a result of his injuries.

## COUNT I
## REFUSAL TO INTERVENE AND PROTECT INMATES

For Count I of his Petition against Defendants, pursuant to 42 U.S.C. §1983 for violations of Plaintiff's 8th Amendment Rights to be free from cruel and unusual punishment against Defendants, Plaintiff state as follows:

22. Plaintiff adopts and incorporates herein by reference Paragraphs Nos. 1 through and including 21 of his Petition as though fully set forth herein.

23. Defendants, as state prison officials, have a duty to protect inmates from violence at the hands of other inmates under Plaintiff's Constitutional rights.

24. Defendants, as state prison officials, have a duty not to act with deliberate indifference to a substantial risk of serious harm, including violent attacks, to an inmate at the hands of other inmates under their care in violation of Plaintiff's Constitutional rights.

25. "A prison official acts with deliberate indifference to an inmate's safety when the official is present at the time of an assault and fails to intervene or otherwise act to end the assault." *Williams v. Mueller*, 13 F.3d 1214, 1216 (8th Cir. 1994).

26. "Deliberate indifference entails something more than mere negligence … it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

27. Defendants breached those duties by acting, or allowing Defendant DJS' management and/or employees to act, with deliberate indifference to Plaintiff's health, safety and his prolonged and excoriating pain and suffering, by:

   a) Failing to properly monitor or otherwise supervise the exercise recreational area including Plaintiff and the inmates who attacked him;

   b) Failing to properly follow their constitutional obligations to protect Plaintiff from harm by other inmates;

   c) Failing to provide adequate surveillance of the exercise recreational area;

   d) Failing to intervene the attack in a timely manner;

   e) Failing to ensure the area was monitored by the required number of prison officials;

   f) Failing to exercise the proper patterns, practices, policies, procedures, customs, and regulations in regard to monitoring or otherwise supervising Plaintiff and the inmates who attacked him;

   g) Failing to exercise the proper patterns, practices, policies, procedures, customs, and regulations in regard to protecting Plaintiff from harm by other inmates;

   h) Failing to exercise the proper patterns, practices, policies, procedures, customs, and regulations in regard to intervening the attack against Plaintiff at the hands of the other inmates; and

   i) Knowing that it was both likely and foreseeable that Plaintiff's safety was at serious risk based on the nature of the facility and prior attack on Plaintiff.

28. Defendants' failure to take appropriate action to prevent serious harm upon Plaintiff and refusal to intervene the attack against Plaintiff directly caused or directly contributed to cause harm and serious injury to Plaintiff.

29. Plaintiff sustained head/skull fractures and a traumatic brain injury causing him frequent seizures as a result of Defendants' failure to protect Plaintiff from violent attacks at the hands of other inmates.

WHEREFORE, Plaintiff Marlon Hall respectfully asks this Court to enter judgment in his favor and against Defendants the Department of Justice Services; Darby Howard; Jazmine Rainey; Teara Guidry; John Doe Officer No. 1; John Doe Officer No. 2; and, John Doe Officer No. 3 for compensatory damages, their taxable costs and such other legal and equitable relief the Court deems appropriate. Plaintiff also asks for attorneys' fees under 28 U.S.C. § 1988.

### COUNT II
### NEGLIGENCE

For Count II of his Petition against Defendants in their official capacity, Plaintiff states as follows:

30. Plaintiff adopts and incorporates herein by reference Paragraphs Nos. 1 through and including 29 of his Petition as though fully set forth herein.

31. Plaintiff was an inmate at the Justice Center and was under the control of Defendants who thereby owed Plaintiff a duty to provide reasonable protection from harm by other inmates and to intervene when Plaintiff was at a substantial risk of serious harm at the hands of other inmates.

32. Further, Defendants owed Plaintiff a general duty to take reasonable care in supervising, monitoring, directing, and overseeing the inmates at the Justice Center to ensure the safety of the inmates and prison officials.

33. Defendants' failures and refusals as set forth above to: properly monitor or otherwise supervise the exercise recreational area including Plaintiff and the inmates who attacked him; properly follow their constitutional obligations to protect Plaintiff from harm by other inmates; provide adequate surveillance of the exercise recreational area; intervene the attack in a timely manner; ensure the area was monitored by the required number of prison officials; exercise the proper patterns, practices, policies, procedures, customs, and regulations in regard to

monitoring or otherwise supervising Plaintiff and the inmates who attacked him; and exercise the proper patterns, practices, policies, procedures, customs, and regulations in regard to protecting Plaintiff from harm by other inmates and intervene the attack against Plaintiff at the hands of other inmates were failures to use ordinary care, and failures to use that degree of skill and learning ordinarily exercised by members of Defendants' professions under the same or similar circumstances.

34. Defendants' negligence directly caused or directly contributed to the cause of Plaintiff's damages alleged in Counts 1.

WHEREFORE, Plaintiff Marlon Hall respectfully asks this Court to enter judgment in his favor and against Defendants the Department of Justice Services; Darby Howard; Jazmine Rainey; Teara Guidry; John Doe Officer No. 1; John Doe Officer No. 2; and, John Doe Officer No. 3 for compensatory damages, their taxable costs and such other legal and equitable relief the Court deems appropriate. Plaintiff also asks for attorneys' fees under 28 U.S.C. § 1988.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully Submitted,

**BROWN & CROUPPEN, P.C.**

BY: _/s/ Andrea D. McNairy_
Andrea McNairy, #58558 (MO)
4900 Daggett Avenue
St. Louis, Missouri 63110
P: (314) 561-6319 | F: (314) 421-0359
andream@getbc.com
Counsel for Plaintiff

CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on the 26th day of August 2024, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon counsel of record.

                                                                               */s/ Andrea D. McNairy*